**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1852
_____

UNITED STATES OF AMERICA

v.

JEHIEL PENA ESTRADA,
                              Appellant

_____

Appeal from the District Court
of the Virgin Islands
District Court No. 3-19-cr-00063-001
District Judge: Honorable Curtis V. Gomez

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 7, 2020

Before: SMITH, *Chief Judge*, CHAGARES and MATEY, *Circuit Judges*

(Filed: December 10, 2020)
_____

OPINION*
_____

SMITH, *Chief Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

Jehiel Pena Estrada was charged with possession of cocaine under 21 U.S.C. § 844(a). After the District Court denied his motion to suppress the evidence, he pleaded guilty to the charge. Because the District Court did not clearly err in finding that Estrada consented to the search that led to the discovery of the cocaine, we will affirm the denial of the motion to suppress.

I.

The District Court held a hearing on Estrada's motion to suppress on December 2, 2019. Because we write for the parties, we briefly summarize only the evidence most relevant to our disposition.

Just after midnight on September 17, 2019, Estrada and another individual, Billy Iglesias, arrived by boat in St. Thomas's Crown Bay Marina. Customs and Border Protection (CBP) agents Carlton Evans and Kevin Florence, who had been tracking the arrival of the boat, encountered Estrada and Iglesias in the marina parking lot. According to the CBP agents, Evans approached and spoke to Estrada and Iglesias, but Estrada indicated that he did not understand English. Because Florence had a better knowledge of Spanish than Evans, Florence asked Estrada in Spanish for permission to search the boat and his person. Estrada responded "sí" (yes).

Evans then walked over to Iglesias, at which time he observed a vacuum-sealed plastic package of cash protruding from Iglesias's pocket. Because

2

evidence of this nature can be indicative of illegal activity, Evans handcuffed Iglesias and searched him. Evans told Florence to handcuff Estrada, which he did. Florence then searched Estrada and found two baggies containing cocaine in his pockets.

It was undisputed that the CBP agents kept their hands on or near their weapons during the encounter, but never unholstered the weapons. The agents testified that they neither touched Estrada nor ordered him to do anything during the encounter. They also testified that their voices were calm and non-confrontational. Estrada, in contrast, testified that the agents yelled at him in English and one agent placed a hand on him. He testified that he did not understand anything the agents said to him and was never asked in Spanish whether he consented to a search.

The District Court denied Estrada's suppression motion from the bench. It found that Estrada voluntarily consented to the search, and that the agents' placement of their hands on their weapons did not undermine the voluntariness of the consent. The District Court also determined that the decision to handcuff Estrada after he provided consent did not negate that consent.

Estrada ultimately pleaded guilty, reserving the right to challenge on appeal the denial of the motion to suppress. This appeal followed.

3

II.[1]

A District Court's determination of consent is a finding of fact subject to clear error review. *United States v. Lockett*, 406 F.3d 207, 211 (3d Cir. 2005); *United States v. Kim*, 27 F.3d 947, 954–55 (3d Cir. 1994). A factual finding is clearly erroneous when, after reviewing the entire record, we are left with the "definite and firm conviction that a mistake has been committed." *United States v. Lowe*, 791 F.3d 424, 427 (3d Cir. 2015) (quoting *United States v. Price*, 558 F.3d 270, 276–77 (3d Cir. 2003)).

III.

Estrada contends that the District Court's consent finding is clearly erroneous because: (1) the CBP agents did not communicate with him in Spanish; and (2) he was subjected to a show of force that undermined the voluntariness of any consent he might have appeared to give.[2] We are not persuaded.

Although its discussion was relatively brief, it is apparent that the District Court considered the totality of the circumstances and credited the agents' version of events in which Estrada was asked in Spanish to consent to the search and

---

[1] The District Court had jurisdiction under 48 U.S.C. § 1612 and 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

[2] According to Estrada, the agents yelled, wore camouflage, kept their hands on their weapons, and did not read him the *Miranda* warnings or tell him he was free to leave. The only fact disputed at the hearing was whether the agents yelled; all of the remaining facts upon which Estrada relies were undisputed.

Estrada voluntarily and without coercion provided such consent. After considering Estrada's arguments and reviewing the record as a whole, we are not left with the "definite and firm conviction" that the District Court's consent finding was erroneous. *See Lowe*, 791 F.3d at 427. Accordingly, we will uphold that finding.

## III.

Because our decision concerning consent is determinative, we need not reach Estrada's remaining arguments. For the foregoing reasons, we will affirm the District Court's denial of the motion to suppress evidence. Because no other issues were appealed, the conviction and sentence will be affirmed.